IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON LOUIS TINKLENBERG,<br>          Plaintiff,<br><br>vs.<br><br>HELEN J. MARBERRY, Former - Warden of the United States Penitentiary Terre Haute; FRANCISO QUINTANA, Present - Warden; S.L. NOLAN, A.W. Programs; S. GAGNON, A.W. OPERATIONS; M. SAPKO, Superintendent IND. & ED.; MR. PIOTROWSKI, Physicians Assistant; MICHAEL NALLEY, Regional Director; HARLEY G. LAPPIN, Director of the Federal Bureau of Prison; FEDERAL BUREAU OF PRISONS; UNITED STATES OF AMERICA ATTORNEY GENERAL; BOB FAIR, Case Manager,<br>          Defendants. | Civil Action No. 08-1385<br>Chief Magistrate Judge Amy Reynolds Hay |

## MEMORANDUM ORDER

HAY, Chief Magistrate Judge

      The plaintiff, Jason Louis Tinklenberg, has presented a civil rights complaint alleging that the defendants were deliberately indifferent to his medical needs while he was an inmate at the Federal Correctional Institution at McKean-Bradford in violation his rights under the Fifth and Eighth Amendments to the Constitution.

      The defendants filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on February 12, 2010, and on March 15, 2010, this Court issued an Order indicating that the motion would be treated as one for summary judgment and directing the plaintiff to respond to the motion or before April 20, 2010 [Dkts. 38, 40]. No response was submitted and on April 22, 2010, the Court issued an Order to Show Cause returnable on May 6,

2010, for his failure to respond to defendants' motion for summary judgment [Dkt. 42]. To date, the plaintiff has failed to respond to the motion or to the show cause order nor given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to the plaintiff's failure to comply with two Court orders which weigh heavily against him. The plaintiff's failure to respond to the motion for summary judgment and the order to show cause was not only solely his personal responsibility but his failure to do so even five weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by the plaintiff's failure to comply with this Court's orders -- other than the expense of filing the motion

for summary judgment, there appears to be no specific prejudice to the defendants other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against the plaintiff although at first blush it appears that the defendants' motion may be meritorious. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since the plaintiff filed this action *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to respond to defendants' motion for summary judgment or the order to show cause, it does not appear that the plaintiff has any serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly,

IT IS HEREBY ORDERED that the above-captioned case is DISMISSED for failure to prosecute.

/ s/ Amy Reynolds Hay
AMY REYNOLDS HAY
Chief United States Magistrate Judge

Dated: 27 May, 2010

cc: Jason Louis Tinklenberg
669 Lake Street
Kalamazoo, MI 49001

Counsel of Record Via CM-ECF